IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-45-FL

| | |
|---|---|
| CALVIN TYRONE NORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRIAN NICHOLAS HIGH, in his ) | |
| personal capacity and his official ) | |
| capacity as a Deputy Sheriff of ) | |
| Columbus County, North Carolina; ) | |
| LEWIS L. HATCHER, in his personal ) | |
| capacity and his official capacity as ) | |
| Sheriff of Columbus County, North ) | |
| Carolina; WESTERN SURETY ) | |
| CO. d/b/a/ CNA SURETY ) | ORDER |
| INSURANCE as the SURETY for the ) | |
| Columbus County Sheriff; TRACEY ) | |
| WARD also name "John Doe" in his ) | |
| personal capacity and his official ) | |
| capacity as Lieutenant of Columbus ) | |
| County Detention Center of the ) | |
| Sheriff; and RENE TREVINO, in his ) | |
| personal capacity and his official ) | |
| capacity as Deputy Sheriff of Columbus ) | |
| County, North Carolina, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' request for expenses, including attorney's fees, to be awarded defendants in connection with their October 16, 2018, motion for sanctions. The court allowed said motion on May 9, 2019, along with the expenses incurred, due to plaintiff's failure to attend an October 1, 2018, scheduled deposition. Pursuant to the court's May 9, 2019, order granting defendants' motion for sanctions, defendants have submitted their attorney's affidavit

attesting to expenses, including attorney's fees, travel expenses, court reporter costs, and transcription fees. In response plaintiff filed motion to disallow costs. (DE 79). The issues raised are ripe for ruling. For the reasons set forth below, the court denies plaintiff's motion and directs payment to defendants as set forth herein.

**BACKGROUND**

The court incorporates by reference the background of this case set forth in its May 9, 2019, order, where the court allowed defendants' motion for sanctions which requested, at a minimum, reimbursement for fees and expenses incurred as a result of plaintiff's refusal to appear for his scheduled deposition on October 1, 2018. (DE 75 at 23). As directed, defendants filed declaration of costs and reasonable attorney's fees. In response, plaintiff filed motion to disallow costs wherein plaintiff resurrects previously-made argument that because plaintiff was required to attend hearing in state court on the day in question, plaintiff could not attend his duly-noticed deposition. (See DE 79). For the reasons previously stated in May 9, 2019 order, the court rejects this argument and proceeds to determine the reasonableness of the amount sought by defendants.

**COURT'S DISCUSSION**

A.  Standard of Review

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243–44 (4th Cir. 2009). In deciding what constitutes a "reasonable" number of hours and rate, "a district court's discretion should be guided by the following twelve factors":

1)   Time and labor expended;
2)   Novelty and difficulty of the questions raised;

3) Skill required to properly perform the legal services rendered;
4) Attorney's opportunity costs in pressing the instant litigation;
5) Customary fee for like work;
6) Attorney's expectations at the outset of the litigation;
7) Time limitations imposed by the client or circumstances;
8) Amount in controversy and the results obtained;
9) Experience, reputation and ability of the attorney;
10) Undesirability of the case within the legal community in which the suit arose;
11) Nature and length of the professional relationship between attorney and client; and
12) Attorneys' fees awards in similar cases.

Id. at 243-44 (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting 12 factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir.1974))). "[A]ny award must be accompanied by detailed findings of fact with regard to the factors considered." In re Abrams & Abrams, P.A., 605 F.3d 238, 244 (4th Cir. 2010) (quotations omitted). "Although . . . some factors may not have much, if anything, to add in a given case, . . . the factors that do apply should be considered." Id.

> With respect to determination of the hourly rate, the Fourth Circuit has held:
>
> Determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. <u>In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award</u>. Although the determination of a market rate in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, the Court has nonetheless emphasized that market rate should guide the fee inquiry. Thus, the market rate should be determined by evidence of what attorneys earn from paying clients for similar services in similar circumstances, which, of course, may include evidence of what the plaintiff's attorney actually charged his client.

Robinson, 560 F.3d at 244 (emphasis in original; citations omitted). "Examples of the type of specific evidence that we have held is sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally

with the type of work in the relevant community." Id. at 245.

"After determining the lodestar figure, the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Robinson, 560 F.3d at 244 (quotations omitted). "Finally, once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Id. (quotations omitted). "The court will reduce the award if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." McAfee v. Boczar, 738 F.3d 81, 92 (4th Cir. 2013), as amended (Jan. 23, 2014).

B.  Analysis

The court begins its calculation of the lodestar figure by considering a reasonable rate. Defendants' counsel represents that his hourly rate is $357.00, which he argues is fair and reasonable for an attorney of his skill and experience practicing in the relevant community. (See DE 78 at 3). Counsel offers in support of this rate two previous instances where courts, including this court, have held in 2015 and 2013, respectively, his hourly rate of $300.00 to be fair and reasonable where he successfully brought similar motions for sanctions for failure to attend depositions. (See DE 78 at 3 n.1 (citing Annis Lloyd v. Captain MacNeish, et. al., 5:12-CT-3163-FL, Eastern District of North Carolina, and Tamekia Dowdy v. Brenda Potts, et. al., 1:12-CV-00683-CCE-LPA, Middle District of North Carolina)). Defendants' counsel represents his hourly fee charged in 2013 and 2015 "was subsequently increased in 2016 to $357.00 per hour to keep abreast of market rates." (Id.). Defendants' counsel offers no evidence in support of the $357.00 hourly rate.

Based on defendant's evidence as to courts' previous holdings finding his $300.00 hourly

4

rate to be fair and reasonable in similar contexts, which is limited "evidence of what attorneys earn from paying clients for similar services in similar circumstances," Robinson, 560 F.3d at 244-45, and based on the record in this case, the court finds that a rate of $300.00 per hour for all hours expended is supported by the weight of the evidence.

Defendants submit the total amount of fees and expenses in connection with the October 1, 2018, deposition are $4,086.59 which are the total incurred by defendants' attorney 1) in traveling to and attending the unsuccessful attempt to take the plaintiffs deposition in Whiteville, North Carolina on October 1, 2018, represented as 10.4 hours; 2) mileage from Winston-Salem, North Carolina to Whiteville, North Carolina and back in the amount of $201.65; and 3) court reporter appearance and transcription fees, in the amount of $172.14.[1] In support defendants submit affidavit and invoice. (See DE 78-1).

Based on the foregoing, a revised claimed attorney time lodestar figure is $3,120.00, representing 10.4 hours at a rate of $300.00. The court considers the revised claimed lodestar figure in light of the 12 lodestar factors. Here, the lodestar figure is somewhat supported by factors such as "time and labor expended" and "customary fee for like work," but because the amount claimed is for travel time only, the lodestar figure is not supported by such factors as "novelty and difficulty of the questions raised" and "skill required to properly perform the legal services rendered."

Additionally, as urged by plaintiff, the court takes into account evidence submitted by plaintiff as to his current financial situation. See DeBauche v. Trani, 191 F.3d 499, 511 (4th Cir. 1999) ("While we find no abuse of discretion in the decision to order DeBauche to pay fees and

---

[1] Defendants do not include fees incurred in connection with the communications with plaintiff to schedule said deposition, hours spent preparing for deposition, and hours spent in preparing defendants' motion for sanctions.

costs, we do believe that DeBauche's contention that her financial circumstances should be taken into account has merit."); Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 766–67 (4th Cir. 2003) (holding district court did not abuse its discretion when applying lodestar approach, determining amount of requested attorney's fees reasonable, but reducing fees requested in half "taking into consideration Bass' financial circumstances.").

In sum, the court has considered the lodestar figure in conjunction with other factors bearing on the motion for attorney's fees and in light of all the circumstances of this case. In view of all factors, the court finds that it is reasonable to reduce the amount of stated fees by 50 percent to arrive at an aggregate reasonable attorney's fee amount of $1,560.00, which when combined with expenses presented, results in a total of $1,933.79 to be paid by plaintiff to defendants.[2]

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motion to disallow costs. (DE 79). The court awards defendants $1,933.79 in attorney's fees and costs in connection with plaintiff's failure to appear for his October 1, 2018, deposition and defendants' motion for sanctions.

SO ORDERED, this the 8th day of August, 2019.

LOUISE W. FLANAGAN
United States District Judge

---

[2] The court notes defendants' request that the court require plaintiff to satisfy payment before being permitted to file any further lawsuit(s) against any Columbus County officials, noting plaintiff's litigious history. (See DE 82 at 2-3). The court declines to so direct at this time.